**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 5, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GREGORY D. CROSBY,

     Petitioner - Appellant,

v.

BILL TRUE, Warden

     Respondent - Appellee.

No. 20-1284
(D.C. No. 1:20-CV-01726-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.
_____

     Gregory D. Crosby, a federal prisoner proceeding pro se,[1] appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2241[2] and seeks leave to proceed *in forma pauperis* ("*ifp*"). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm in part and remand for further proceedings. We grant his motion to proceed *ifp*.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Crosby appears pro se "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

[2] A federal prisoner is not required to obtain a certificate of appealability to seek review of a district court's denial of a habeas petition under § 2241. *See Eldridge v. Berkebile*, 791 F.3d 1239, 1241 (10th Cir. 2015).

Mr. Crosby is serving a 262-month sentence at the United States Penitentiary-ADX Florence. In his § 2241 petition, Mr. Crosby claimed that the Bureau of Prisons ("BOP") must transfer him to United States Penitentiary-Leavenworth and grant him time credits for completing evidence-based recidivism reduction ("EBRR") programming. The district court dismissed the transfer claim without prejudice for lack of jurisdiction and did not address the claim for time credits.

Before filing his § 2241 petition, Mr. Crosby brought virtually identical claims in another § 2241 proceeding, *Crosby v. True*, No. 1:19-cv-03199-WJM (D. Colo.).[3] The district court in that case dismissed the transfer claim for lack of jurisdiction and rejected Mr. Crosby's claim for time credits on the merits. We recently affirmed the district court's dismissal of that petition. *See Crosby v. True ("Crosby I")*, No. 20-1221, 2020 WL 5415809 (10th Cir. Sept. 10, 2020) (unpublished).

We affirm the district court's dismissal of the transfer claim for the reasons we stated in *Crosby I*. There, we found that Mr. Crosby's request to be transferred to another BOP facility was not cognizable as a § 2241 petition and that the district court did not err in declining sua sponte to convert Mr. Crosby's claim into a *Bivens* action. *Id.* at *1.

In *Crosby I*, we affirmed the district court's dismissal of Mr. Crosby's EBRR time credits claim because he did not challenge the ruling on appeal. *Id.* at *2. Because the

---

[3] In his brief, Mr. Crosby notes that this case presents "the identical claims, [that] are similar in their content" to the claims raised in that petition. Aplt. Br. at 3 n.1.

district court in this case did not address Mr. Crosby's EBRR claim, we remand for the court to address it.

*   *   *   *

We affirm the district court's dismissal of Mr. Crosby's transfer claim, remand to address Mr. Crosby's EBRR claim, and grant Mr. Crosby's motion to proceed *ifp*.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge